# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-153

**HANOVER INSURANCE COMPANY AS SUBROGEE OF GTP INVESTMENTS, LLC**

**VERSUS**

**RICELAND AVIATION, INC., ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-83-14
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.

**AMENDED AND AFFIRMED AS AMENDED.**

**Jerald Paul Block**
**Kendall J. Krielow**
**Block Law Firm, APLC**
**P. O. Box 108**
**Thibodaux, LA 70302**
**Telephone:  (985) 446-0418**
**COUNSEL FOR:**
      **Defendants/Appellants – United States Aircraft Insurance Group and Riceland Aviation, Inc.**

**Robert Emmett Kerrigan, Jr.**
**Isaac H. Ryan**
**Duetsch Kerrigan, L.L.P.**
**755 Magazine Street**
**New Orleans, LA 70130**
**Telephone: (504) 593-0792**
**COUNSEL FOR:**
    **Defendants/Appellees – CNA Insurance Company, GTP Infrastructure I, LLC, Global Tower Partners, Global Tower, LLC, and GTP Investments, LLC**

**John Elliott Unsworth, III**
**One Galleria Boulevard – Suite 1610**
**Metairie, LA 70001**
**Telephone: (504) 841-5080**
**COUNSEL FOR:**
    **Defendant/Appellee – Continental Insurance Company**

**Charles E. Riley, IV**
**Simon, Peragine, et al.**
**1100 Poydras Street – 30th Floor**
**New Orleans, LA 70163**
**Telephone: (504) 569-2030**
**COUNSEL FOR:**
    **Plaintiff/Appellee – Hanover Insurance Company**

**THIBODEAUX, Chief Judge.**

Plaintiffs, Riceland Aviation, Inc. (Riceland) and its insurer, United States Aircraft Insurance Group (USAIG) (collectively "Plaintiffs"), brought an action to recover for the loss of an aircraft which was destroyed when it struck an unmarked guy wire supporting a communication tower owned by Defendant, GTP Infrastructure, I, LLC (GTP). A jury trial ruled in favor of Plaintiffs, finding the defendant 79% at fault. Plaintiffs filed a motion to tax costs against Defendant and were awarded partial expert witness fees in the amount of $2,050.00 and were denied costs for trial exhibits. Plaintiffs now appeal the judgment of the trial court which awarded only a percentage of expert fees and no costs for trial exhibits.

I.

**ISSUES**

We must decide:

(1)     whether the trial court erred by awarding only 10.6% of Plaintiffs' costs for Dr. Robert Post;

(2)     whether the trial court erred by awarding only 25.0% of Plaintiffs' costs for Lemuel Shattuck; and

(3)     whether the trial court erred by failing to award Plaintiffs costs for their trial exhibits.

II.

**FACTS AND PROCEDURAL HISTORY**

On February 15, 2013, William Precht, Jr. was applying herbicide to an agriculture field using an aircraft owned by Riceland Aviation. Adjacent to the field was a guyed tower owned by GTP, which was not equipped with any visibility

enhancing markers. Mr. Precht could not see the unmarked guy wires and struck a wire with the aircraft. The wire strike caused the total loss of the aircraft and the death of Mr. Precht. Plaintiffs filed suit for damages against GTP and its insurer for the loss of the aircraft. After a three-day trial on the merits, the jury returned a verdict in favor of Plaintiffs and found that Defendants were 79% at fault. The judgment was rendered and signed on July 19, 2019, awarding Plaintiffs $509,660.26. Defendants filed a suspensive appeal which has not been ruled upon.

Plaintiffs filed a motion to tax costs along with a memorandum in support which outlined the expert witness fees and other out-of-court litigation costs. Attached to the memorandum were detailed invoices of the time billed by each of their two expert witness. In the memorandum in support, Plaintiffs argued that their out of court costs included: $10,062.49 in total costs for Dr. Post, $5,243.65 in total costs for Mr. Shattuck, $2,895.20 in trial exhibit and presentation costs, and $2,950.04 in lodging costs.

Defendants filed an opposition to Plaintiffs' motion. They argued that nearly all the costs sought by Plaintiffs were excessive or not allowed under Louisiana Law. After taking the matter under advisement, the trial court issued written reasons for ruling stating that the expenses sought by Plaintiffs were excessive and therefore denied. The trial court taxed as costs $1,000.00 as an expert witness fee for Dr. Post, $1,050.00 as an expert witness for Mr. Shattuck, and denied all other costs. Plaintiffs now appeal.

2

# III.

## STANDARD OF REVIEW

The trial court has great discretion in awarding costs including expert witness fees. *McDaniel v. Carencro Lions Club*, 05-1013, p. 49 (La.App. 3 Cir. 7/12/06), 934 So.2d 945, 980, *writ denied*, 06-1998 (La. 11/3/06); 940 So.2d 671. The trial court's assessment of costs may only be reversed upon a showing of abuse of discretion. *Id.*

# IV.

## LAW AND DISCUSSION

### EXPERT FEES

Plaintiffs contend that the trial court erred by awarding only 10.6% of Plaintiffs' costs for Dr. Post. Expert witness fees are provided for in La. R.S. 13:3666 which provides in pertinent part:

> A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
>
> B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
>
> (1) From the testimony of the expert relative to his time rendered and the cost of his services adduced upon the trial of the cause, outside the presence of the jury, the court shall determine the amount thereof and include same.
> (2) By rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment,

3

which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause.

In discussing expert witness fees, this court has recently explained:

> Expert witness fees for testifying at trial and for time spent preparing for that testimony are recoverable. The amount actually billed by the expert is not determinative of the reasonable amount of taxable as costs. The determination of the reasonableness of an expert fee award turns on the particular facts and circumstances of the case.
>
> Although it is a case-specific determination, courts have identified multiple factors to consider in determining a reasonable expert fee award, including the following: (1) the amount of time consumed by the expert in compiling his or her report; (2) the amount charged to the client; (3) the amount of time spent in preparing for trial; (4) the amount of time spent in court; (5) the expert's expertise; (6) the difficulty of the expert's work; (7) the amount of the award; and (8) the degree to which the expert witness's opinions aided the court in its decision. A litigant is only entitled to recover as costs the expert fees incurred directly in connection with the expert's assistance at the trial. An expert may receive fees for work done in preparation for trial, but not for consultations assisting the attorney to prepare for trial. *Bayou Fleet*, [*Inc. v. Bollinger Shipyards, Inc.,* 15-487, 15-702, (La.App. 4 Cir. 7/21/16),] 197 So.3d [797,] 811 (citations omitted).

*Mace v. Turner*, 18-339, p. 4-5 (La.App. 3 Cir. 12/6/18). "Additional considerations include the awards to experts in similar cases, the complexity of the problem addressed by the expert, and the helpfulness of the expert's report and testimony to the trial court." *Massie v. Deloach*, 04-1425, p. 10 (La.App. 3 Cir. 3/2/05), 896 So.2d 1246, 1252, *writ denied*, 05-786 (La. 5/6/05), 901 So.2d 1107. Although a trial judge is not required to set an expert witness fee at the amount charged by the expert witness, the court may award the full amount charged by an expert witness if the amount is reasonable in light of the factors. *Id.* at 1252, *Mace v. Turner*, 18-339.

In the motion to fix costs, Plaintiffs sought $10,062.49 in expert fees for Dr. Post. Of that amount, the trial court awarded only $1,000.00 or 10.6% of the billed amount. In its reasons for ruling, the trial court explained that the taxed amount was for the two hours Dr. Post spent testifying in court. In light of the factors found in *Mace* and *Massie*, we find this to be an abuse of discretion. Plaintiffs included invoices from Dr. Post showing 20.15 hours billed in addition to the two hours testifying. However, the trial court did not seem to give any consideration to the time the witness spent preparing outside of court. Admittedly, the bulk of the time billed by Dr. Post (15.5 hours) was time spent travelling, but this court has previously considered travel time in determining a reasonable expert fee. In *Bourque v. Allstate Ins. Co.*, 13-215 (La.App. 3 Cir. 10/9/13), the plaintiffs appealed the expert witness fees awarded to them. The expert, Dr. Barczyk, appeared at trial for three hours and was only awarded a $300.00 fee. *Id.* This court held that,

> In light of the time Dr. Barczyk spent in attendance at the trial and traveling to and from the trial from his office which is located in Lafayette, we find the trial court abused its discretion in awarding the plaintiffs only $300 in expert witness fees and increase the award to $1,250.00.

*Id.* This increase was awarded even though portions of Dr. Barczyk's testimony did not assist the trial court because it consisted of knowledge already known to the court. *Id.*

Dr. Post was a highly specialized expert in visual acuity. His testimony on vision and the ability to see the guy wire which caused the accident were undoubtedly helpful to the jury in finding Defendant 79% at fault. Considering the factors, we find that the $1,000.00 expert fee awarded to Dr. Post is unreasonable and an abuse of discretion.

On appeal, Plaintiffs are seeking $9,393.49 for Dr. Post's expert fee. At a minimum, they believe they are entitled to $7,420.86, 79% of that amount. However, $333.49 of the sought-after amount is attributed to travel expenses such as hotel and parking. This court has previously held that there is no statutory authority for an award of travel expenses, and therefore, these costs will not be considered in the expert fee. *Myers v. Broussard*, 96-1634, p. 27 (La.App. 3 Cir. 5/21/97), 696 So.2d 88, 102. After deducting the travel expenses from the invoiced amount and reducing to 79%, we find that a more reasonable fee for Dr. Post would be $7,157.40. Accordingly, the trial court's award for Dr. Post's fees is increased from $1,000.00 to $7,157.40.

Plaintiffs also contend that the award to Mr. Shattuck was an abuse of discretion. We agree. In the motion to fix costs, Plaintiffs sought $5,143.65 in expert fees for Mr. Shattuck. Of that amount, the trial court only awarded $1,050.00 or 25% of the billed amount. In the reasons for ruling, the trial court explained that the taxed amount was for the three and a half hours Mr. Shattuck spent testifying in court and three and half hours of trial preparation. Again, the trial court failed to consider all the time spent by the expert in preparing for trial. The trial court also failed to refer to any of the many other factors to be considered when determining a reasonable fee award. Mr. Shattuck billed a total of 27.9 hours and charged a rate of $150.00 an hour. He is a veteran agriculture aviator whose testimony was both compelling and explanatory. Considering the factors, we find that the $1,050.00 expert fee awarded to Dr. Post is unreasonable and an abuse of discretion.

On appeal, Plaintiffs are seeking $4,185.00 for Mr. Shattuck's expert fee, and at a minimum believe they are entitled to $3,306.15, 79% of that amount.

We find that a more reasonable fee for Mr. Shattuck would be $3,306.15. Accordingly, the trial court's award of $1,050.00 is increased to $3,306.15.

## OTHER COURT COSTS

Plaintiffs also assert that the trial court erred by failing to award costs for two of their trial exhibits. Louisiana Code of Civil Procedure Article 1920 provides, "Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause. Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable." Louisiana Revised Statutes 13:4533 provides that, "[t]he costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs."

Plaintiffs requested that the court tax as cost $570.85 spent to enlarge two exhibits for trial, and the trial court refused to do so as the exhibits were not introduced into evidence when the trial was complete. While this court has held that the copying of exhibits admitted into evidence may properly be taxed as "other costs allowed by the court," the exhibits in question were 30x40 "bubble enlargements" which were not introduced into evidence. *Mace v. Turner*, 18-339. These exhibits were not necessary for Plaintiffs to present their case and one of the exhibits had to be removed from the courtroom because it contained an incorrect ordinance. Accordingly, we find no abuse of discretion in the trial court's decision not to award Plaintiffs cost for the exhibits.

## V.

## <u>CONCLUSION</u>

For the foregoing reasons, we find that the trial court abused its discretion in awarding expert witness fees. Accordingly, we amend the judgment and the award of expert fees to Dr. Post is increased from $1,000.00 to $7,157.40. We also increase the award of expert fees for Mr. Shattuck from $1,050.00 to $3,306.15. The portion of the judgment denying Plaintiffs' costs for exhibits is affirmed.

**AMENDED AND AFFIRMED AS AMENDED.**